RECEIVED

USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK

DATE _1_ / _29_ / _13_

JDB

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

MAXINE HUREN,                          CIVIL ACTION
         Appellant                     NO. CV12-0957

VERSUS

U.S. Commissioner of Social            JUDGE JAMES T. TRIMBLE
Security,                              MAGISTRATE JUDGE JAMES D. KIRK
         Appellee


REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

The Commissioner of Social Security filed an unopposed motion for sixth sentence remand pursuant to 42 U.S.C. § 405(g) on January 24, 2013 (Doc. Item 10), in the above-captioned case, because the Administrative Law Judge failed to consult with a medical advisor in order to determine Huren's disability onset date, as required by Spellman v. Shalala, 1 F.3d 357 (5th Cir. 1993) and SSR 83-20.

In Shalala v. Shaefer, 509 U.S. 292, 296-7, 113 S.Ct. 2625, 2629 (1993), the Supreme Court stated the exclusive methods by which district courts may remand to the Commissioner are set forth in sentence four and sentence six of 42 U.S.C. § 405(g), as follows:

> "[4] The district court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing."

> "[6] The court may, on motion of the Secretary made for good cause shown before he files his answer, remand the

case to the Secretary for further action by the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based."

A sentence six remand may be ordered in only two situations: where the Commissioner, for good cause shown, requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency. Shaefer, 509 U.S. at 297, 113 S.Ct. at 2629, citing Melkonyan v. Sullivan, 501 U.S. 89, 99-100, 111 S.Ct. 2157, 2163-64 (1991).

The Commissioner is requesting a fourth sentence remand, contending his final decision should be vacated because he already filed an answer (Doc. 5), and remand is required for a medical expert to obtain make a proper determination of Huren's disability onset date with. Therefore, the Commissioner's unopposed motion to reverse his decision and remand Huren's case for further proceedings should be granted.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that the Commissioner's unopposed motion (Doc. 10) be GRANTED, the Commissioner's final decision be VACATED, and Huren's case be REMANDED, pursuant to the fourth sentence of 42 U.S.C. § 405(g), to

2

the Commissioner of Social Security for the purpose of correctly determining Huren's disability onset date.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 28th day of January 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

3