RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 7/3/13
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| MAXINE HUREN, <br>　　Appellant | CIVIL ACTION <br> NO. 2:12-CV-00957 |
| VERSUS | |
| U.S. Commissioner of Social Security, <br>　　Appellee | JUDGE JAMES T. TRIMBLE <br> MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a motion for attorney fees filed pursuant to the Equal Access for Justice Act, 28 U.S.C. § 2412, by counsel for appellant, Maxine Huren (Doc. 13). The Commissioner of Social Security ("the Commissioner") opposes the motion, contending it is untimely (Doc. 15). Huren's attorney filed a response (Doc. 16), conceding the motion is untimely, but asking the court to consider it since the delay in filing was "neither egregious nor unreasonable."

An EAJA application for attorney fees may be filed until thirty days after a judgment becomes "not appealable," or thirty days after the time for appeal has ended. Shalala v. Schaefer, 509 U.S. 292, 295-296 & 302, 113 S.Ct. 2625, 2628 & 2632 (1993); Freeman v. Shalala, 2 F.3d 552, 553-554 (5th Cir. 1992). The judgment in favor of Huren (pursuant to the fourth sentence of 42 U.S.C. § 405(g)) was entered on March 7, 2013 (Doc. 12). Huren had sixty days to appeal that judgment pursuant to Fed.R.App.P. rule

4(a)(1)(B), or through May 6, 2013. See also, Fed.R.Civ.P. rule 6 (computing time). Therefore, Huren's thirty day period to file a motion for attorney fees began to run on May 7, 2013 and ran through June 5, 2013. See 28 U.S.C. § 2412(d)(1)(B); <u>Schaefer</u>, 509 U.S. at 295-296 & 302, 113 S.Ct. at 2628; <u>Freeman</u>, 2 F.3d at 553-554. Huren's counsel filed the motion for attorney fees on June 6, 2013, one day late.

Because the thirty-day deadline represents a waiver of sovereign immunity, it is jurisdictional. Therefore, after the thirty-day period ends, a federal court lacks subject matter jurisdiction to grant attorney fees pursuant to the EAJA. <u>Briseno v. Ashcroft</u>, 291 F.3d 377, 379-380 (5th Cir. 2002). A claimant's failure to file an EAJA application within the thirty-day time constraint precludes a district court from considering the merits of the fee application. <u>Pierce v. Barnhart</u>, 440 F.3d 657, 661 (5th Cir. 2006).

Since Huren's motion for attorney fees pursuant to the EAJA was filed one day late, it should be denied for lack of subject matter jurisdiction.[1]

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Huren's motion for attorney fees (Doc. 13) be DENIED.

---

[1] Huren's motion for attorney fees, and the denial thereof, applies only to the proceedings up to this point, and does not include any subsequent proceedings on remand.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time will be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 2nd day of July 2013.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

3